IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) )  ) |
| v. | ) 2:17-cr-00328 ) ) Chief Judge Mark R. Hornak |
| DEVON BELL, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER**

AND NOW, this 3rd day of June, 2021, the Court hereby issues the following Order: The Defendant filed a Motion for Release/Reduced Sentence pursuant to CARES and/or First Step Act in the above-captioned matter. (ECF No. 2187.) For the reasons that follow, the Defendant's Motion is DISMISSED without prejudice subject to its reassertion should circumstances warrant.

**I.      BACKGROUND**

On April 24, 2018, a federal Grand Jury returned a Superseding Indictment against Mr. Bell. (ECF No. 135.) Mr. Bell was charged at Count 1 with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. (*Id.*) In May 2020, he entered a guilty plea to a lesser included offense at Count 1 of the Superseding Indictment. (ECF No. 1843.) In September 2020, this Court imposed a sentence of 70 months of imprisonment and four years of supervised release. (ECF No. 2030.) According to the Bureau of Prisons ("BOP") inmate locator, Mr. Bell resides at FCI Elkton and has a scheduled release date of June 4, 2022.

On May 14, 2021, counsel for Mr. Bell moved for compassionate release. (ECF No. 2187.) He attached various exhibits to the Motion, including medical records. (*Id.*) And a few days later, Mr. Bell submitted a BOP filing about his individualized need plan, presumably in support of his

Motion. (ECF No. 2191.) In his Motion, Mr. Bell asserts without documentary evidence that he exhausted his administrative remedies; and argues that his health problems in the context of the COVID-19 pandemic constitute "exceptional and compelling" circumstances warranting release, and that the 18 U.S.C. § 3553(a) factors also support release. The Government opposed the Motion. (ECF No. 2205.) The Government disputes that Mr. Bell properly exhausted his administrative remedies and further argues that Mr. Bell's health conditions do not constitute extraordinary and compelling circumstances for release. The matter is ripe for disposition.

## II.  DISCUSSION

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed."). One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582. As amended, that provision allows a court to modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i). In addition, the court must consider: (1) whether the defendant has exhausted the appropriate administrative remedies; (2) the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable; and (3) whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. § 3582(c)(1)(A).

In order to consider the merits of the Defendant's Motion, the Court must first determine whether Mr. Bell has complied with 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement. Prior to petitioning a court for relief under § 3582(c), a defendant must first file an administrative request for compassionate release with the warden of their facility and then either: (1) fully exhaust the

BOP's administrative remedies, or (2) wait 30 days from the date the administrative request was filed with the warden. § 3582(c)(1)(A). The Third Circuit has confirmed that either of § 3582(c)(1)(A)'s options (acting independently) are sufficient to satisfy the exhaustion requirement. *See United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020) (rejecting the argument that a defendant is required to completely exhaust the administrative remedy process if the warden denies a defendant's request within 30 days of receiving it, primarily because "the statute states that the defendant may file the motion [before a district court] thirty days after the warden receives his request"). Our Circuit mandates "strict compliance" with § 3582(c)(1)(A)'s exhaustion requirement. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Here, the Court concludes that Mr. Bell's Motion is not properly before it at the moment because the record does not establish that he administratively exhausted his remedies. Though Mr. Bell asserts that he exhausted his administrative remedies by filing a written request with the Warden (ECF No. 2187, at 2), there is no such evidence in the record before the Court. And the Government does not concede exhaustion but rather asserts that it has not received any supportive records or documents pertaining to exhaustion. (ECF No. 2205, at 3.) Notwithstanding the Government's position, Mr. Bell did not file a reply or supplement the record on this issue to confirm that he complied with exhaustion requirements. It is the defendant's burden to establish that he administratively exhausted. *See, e.g.*, *United States v. Schultz*, 454 F. Supp. 3d 217, 219 (W.D.N.Y. 2020). Mr. Bell has not met that burden.

Given that our Circuit mandates "strict compliance" with § 3582(c)(1)(A)'s exhaustion requirement, and because the record currently before the Court suggests that Mr. Bell has failed to file any sort of administrative request for release with the BOP, the Court cannot conclude that

3

Mr. Bell's Motion is properly before it. *See Raia*, 954 F.3d at 597. For that reason alone, the Court must deny Mr. Bell's Motion at this time.

### III. CONCLUSION

After considering the relevant factors set forth in § 3582(c), the Court finds that Mr. Bell's Motion is not ripe for judicial consideration. Accordingly, the filing at ECF No. 2187 is hereby DISMISSED without prejudice, subject to reassertion should the Defendant make a showing on the record that he has submitted an appropriate request to the Warden of the Bureau of Prisons facility where he is a resident, and which was denied or remained pending after 30 days or has otherwise exhausted the administrative remedies available to him through the BOP.

s/ Mark R. Hornak<br>
Mark R. Hornak<br>
Chief United States District Judge

cc:     All counsel of record

Date:    June 3, 2021